GLADNEY, Judge.
Mrs. Gertrude Merritt Crisler and Mrs. Pearl Merritt Curry appeal from a judgment, with respect to quantum only, against the named defendants, Namon Hines, Lonestar Feed Company and American Motorists Insurance Company. The plaintiffs and their husbands were involved in an accident on March 15, 1962 on 70th Street in Shreveport. Mrs. Cris-ler, driving her Dodge automobile, stopped at the intersection of 70th Street with Line Avenue and while so stopped awaiting the change of a red signal light, her car was struck from the rear by a truck being operated by Hines, an employee of the Lone-star Feed Company, of which the American Motorists Insurance Company was the liability insurer. The judgment of the trial court awarded in favor of Mrs. Crisler and Mrs. Curry $1000.00 and $250.00, respectively, on account of their personal injuries arising from the accident. The judgment also awarded special damages in favor of Oscar Milton Crisler, Jr. and Robert Benjamin Curry, the spouses of appellants. The latter have not appealed. Liability was conceded by the defendants and the object of the appeal is to secure an increase in the judgment in favor of Mrs. Chrisler to $10,000.00, and in favor of Mrs. Curry to $1,500.00.
Testifying with respect to the extent and duration of the injuries received by Mrs. Crisler were Doctors Joe E. Holoubek, an internist and diagnostician, Willis J. Taylor, orthopedic surgeon, and .Frederick C. Boykin, neurosurgeon. Mrs. Curry was examined and treated by Dr. Holoubek and Dr. J. S. Bianca, a general practitioner.
Immediately after the accident Mrs. Cris-ler was examined by Dr. Holoubek at which time she complained of dizziness, some tenderness in the neck with motion, and a “slipping” in her back. X-ray and clinical tests were negative and the doctor stated his findings were negative other than slight tenderness of the neck on motion. He gave *189 her sedatives and, when she continued to complain, he referred her to Dr. Willis J. Taylor. Mrs. Crisler was under the treatment of Dr. Taylor from March 15 through May 14, 1962 and for re-examination on September 30, 1964. During this period the patient was hospitalized from April 8 to April 21, 1962, where she received physiotherapy. There were no objective symptoms other than some specific areas of tenderness. Based on subjective findings the doctor’s conclusion was that the patient was suffering from sprains of the cervical and lumbar regions, which were mild. During the period of hospitalization Dr. Boy-kin, at the request of Dr. Taylor, made an examination of Mrs. Crisler and he again saw her on February 25, 1965. Dr. Boykin found no evidence of neurological implications and he testified that the complaints of the patient were completely out of proportion to any clinical findings.
A careful reading of the testimony of the witnesses, including that of Mr. and Mrs. Crisler, discloses appellant did not suffer a sustained and severe injury of the neck and back of which she complained.
The trial court determined that the injuries received by Mrs. Curry were not of a substantial nature. Mrs. Curry was treated by Dr. Holoubek and Dr. Bianca. The examination by Dr. Holoubek was made about thirty minutes after the accident and he concluded Mrs. Curry probably had a “mild whiplash” which would cause pain for a few days. Dr. Bianca did not see Mrs. Curry until January 2, 1963, almost a year after the accident, at which time she complained of continued soreness of the muscles in her neck and shoulders, some aching in her hands, feet and knees and occasional headaches. The doctor’s findings were negative and did not support a finding of serious injury.
Our understanding of the record which has been carefully read affords no grounds for reversal. The ruling of the Supreme Court in Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964) appears applicable. As stated therein, the inquiry of the Appellate Court in considering purely a question of quantum award should be confined to determining whether there has been an abuse of the “much discretion” vested in the trial court in assessing damages. Herein we have found no abuse of its discretion and accordingly the judgment of the trial court will be affirmed at appellants’ cost.