204 So.2d 86 (1967)
Alfred MONGER, Plaintiff-Appellee,
v.
Mrs. Vida Lee McFARLAIN et al., Defendants-Appellants.
No. 2108.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1967.
Rehearing Denied November 27, 1967.
Reasons Assigned December 1, 1967.
Writ Refused January 18, 1968.
*88 Stockwell, St. Dizier, Sievert & Viccellio, by Fred H. Sievert, Jr., Lake Charles, for defendant-appellant-appellee, Fid. & Cas. Co.
Holt & Woodley, by Donald Walter, Lake Charles, for defendants-appellees-appellants, Mrs. McFarlain & Travelers.
Grenese R. Jackson, Jennings, for plaintiff-appellee.
Before FRUGÉ, HOOD, and LEAR, JJ.
LEAR, Judge.
This case arose as a result of an accident which occurred on August 14, 1965, in Jennings, Louisiana. The trial court gave judgment in favor of the plaintiff and against the defendants jointly, severally, and in solido and all defendants have appealed. The plaintiff answered the appeal and has asked for an increase in the amount of the award.
The facts of the accident show that the collision occurred at the intersection of Railroad Avenue and South Cutting Avenue, both of which streets have been designated as two-lane traffic arteries. A short distance south of this intersection and running parallel to Railroad Avenue is a railroad tract which intersects South Cutting Avenue. Immediately prior to the accident, young Karl Monger, the minor son of Alfred Monger, plaintiff herein, was operating a Honda motorbike in a westerly direction on Railroad Avenue. Riding with and immediately behind young Monger on the motorbike was Michael T. Mouton. The record is not clear whether young Mouton suffered injuries as a result of this accident, but he is not a party to this suit and, as will appear later, his presence has no bearing on the disposition of the issues presented in this litigation.
At that time, Mrs. Vida McFarlain was operating her motor vehicle south on South Cutting Avenue. Mrs. McFarlain was a widow and no question of community interest is involved. Also at that time, a pickup truck owned by G. B. Zigler Company, being operated by Mr. Harold Guidry, was also proceeding south on South Cutting Avenue.
Mrs. McFarlain came to a complete stop at the intersection. Mr. Guidry also came to a stop, but did so on Mrs. McFarlain's left and in such a position that he obscured Mrs. McFarlain's view to the east. Mr. Guidry's position at this time was in violation of an ordinance of the City of Jennings.
Both vehicles had stopped, not only in obedience to a traffic control sign and a blinking red light, but also due to the fact that a railroad train was blocking South Cutting Avenue at the crossing immediately south of the intersection. As the train cleared the crossing, Mr. Guidry maintained his truck in the stopped position, inasmuch as it was his intention to turn left at the intersection. However, Mrs. McFarlain proceeded into the intersection and there collided with the right side of the motorbike operated by Karl Monger. This collision caused the injuries complained of and required Mr. Alfred Monger to pay certain medical expenses which is the basis of his individual appearance before the court.
The trial judge concluded that Mrs. McFarlain was guilty of negligence for pulling into a favored roadway at a time and under conditions in which her vision to her left was totally obscured. He further concluded that Mr. Guidry was likewise guilty "* * in blocking her view while stopped on the wrong side of the road adjacent to her car and while passing her car at the intersection". The trial court thereupon rendered judgment in favor of Alfred M. Monger, individually, in the sum of $1,066.10 against all defendants: Mrs. Vida McFarlain, her insurer, Travelers Indemnity Company, Harold Guidry, the driver of the Zigler truck, G. B. Zigler Company, the owner thereof, and Fidelity & Casualty Company of New York, the liability insurer of the Zigler vehicle.
Judgment was further rendered in favor of Alfred M. Monger for the use and benefit *89 of his minor son, Karl Monger, in the full sum of $9,000.00 against all defendants jointly, severally, and in solido.
The judgment further recognized that the liability of Travelers Indemnity Company, the McFarlain insurer, should be limited to the sum of $5,000.00, which was the limit of its policy coverage.
There is no serious dispute as to the amount of the award to Alfred Monger individually for medical expenses, and it would serve no purpose to enumerate these damages and expenses at this point. Suffice it to say that this court concurs in the award to Mr. Monger individually.
In addition to superficial wounds of the face and body, young Monger suffered a compound, comminuted fracture of the right tibia and right fibula. Hospitalization for ten days was necessary, during which time open reduction surgery was performed by which a metal plate three inches long and an eighth of an inch thick was placed over the fractured site of the tibia and fixed into place by the insertion of four metal screws. The right leg was then enclosed in a full cast extending from the upper thigh down to the toes.
Young Monger was confined to bed at home for about thirty days and was required to remain in the leg cast for more than five months. Dr. L. E. Shirley, Jr., the attending physician, described the wound and the surgical procedure. He states that there is a permanent angulation of about fifteen degrees of the lower fragment with some limitation of the ankle. His testimony is to the effect that the fracture has completely healed and that the small residual disability will not interfere with young Monger's normal activities "without prolonged standing or anything like that".
He further testified that in the absence of a direct blow to the site of the plate, it might remain permanently attached to the tibia. He stated that a direct blow might cause young Monger trouble to the extent that removal of the plate would be necessary.
Dr. Norman P. Morin, an orthopedic surgeon, examined young Karl Monger on one occasion. He found that the injury had resulted in a fifteen percent partial permanent disability of the patient's right leg as a whole. He stated: "I felt, however, that this represented a mild functional disability which should not prevent him from returning to work on a farm".
He further found that as a result of the injury, there was a scarring in the deeper tissues of the leg. In his opinion, this resulted in a subnormal circulation with consequent swelling of the foot and ankle. Upon being examined further on this point, the doctor testified that there was a fifty-fifty chance that this condition would clear up. The reason for his opinion was primarily young Monger's youth, which is in his favor. In addition to the subnormal circulation, he found a sensation of paresthesia. He described this condition as being caused from the intrusion of the scar tissue on one of the sensory nerves which would result in a feeling of ants crawling on the leg. He stated that in his opinion this condition would be permanent.
Should this court affirm judgment against all five defendants, it would be difficult to say that the trial judge had abused the "much discretion" vested in it in the awarding of quantum for personal injuries. See James v. Lykes Bros. Steamship Co., 175 So.2d 444 (application denied, 248 La. 358, 178 So.2d 653); Crisler v. American Motorists Ins. Co., La.App., 177 So.2d 187. However, in considering the liability of the various parties, this court is not prepared to affirm in toto.
There is a plea of contributory negligence directed at the operator of the motorbike. This contention was neither seriously pressed nor seriously considered by the lower court. This court finds, as did the trial judge, no negligence on the part of young Monger. We think it clear that Mrs. McFarlain was guilty of negligence which was the proximate cause of the accident, when she entered a favored street while her *90 view to the left was completely obscured. Mrs. McFarlain was placed in a position in which she was to exercise extraordinary caution. Her failure to exercise this degree of care by driving into the intersection without determining that such intersection was clear was a negligent action and was clearly one of the proximate causes of this accident. See Doucette v. Primeaux, La.App., 180 So.2d 866; Hebert v. The Travelers Insurance Co., La.App., 179 So.2d 513; Hoover v. Wagner, La.App., 189 So.2d 201.
The mere fact that the vehicle which she collided with was a motorcycle or motorbike does not relieve Mrs. McFarlain from the necessity of keeping the proper lookout. See Martin v. Weaver, La.App., 191 So.2d 744.
The court finds Mr. Guidry not without fault. He positioned his vehicle in a place where he had no right to be. In fact, he was guilty of negligence per se inasmuch as he was in violation of an ordinance of the City of Jennings.
However, his negligence had become passive. When this accident occurred his vehicle was stationary. The fact that Mr. Guidry had placed Mrs. McFarlain in a precarious position should have served only to require her to adopt a greater degree of care before entering the intersection. Her failure to assume this degree of care was the sole proximate cause of this accident and was an intervening cause rendering Mr. Guidry's negligence remote and therefore not actionable. Violation of a prohibitory law, though negligent per se, does not justify recovery unless the negligent act constitutes a proximate cause of the injury. See Dixie Drive-It-Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298; Smith v. Texas & Pacific Railway Co., La.App., 189 So. 316.
To be actionable, the negligent act must be the moving cause of the injury, or that cause which, unbroken by any intervening cause, produces the injury and without which the accident could not have happened. Hoover v. Wagner, La.App., 189 So.2d 20.
The court is now confronted with this question. Mrs. McFarlain argues that since her insurance will pay only the sum of $5,000.00 on the judgment totaling in its duality the sum of $10,066.10, and since she is totally unable to pay the excess award, the court should invoke the principle of considering the defendant's ability to respond in judgment and after invoking such principle should reduce the award.
The uncontradicted testimony of Mrs. McFarlain is that she is a widow with one minor son. About two years prior to this accident Mr. McFarlain had been killed in an accident, the only relief therefrom being a workmen's compensation settlement.
The community existing between Mrs. McFarlain and her husband built a home on property owned by the defendant's father-in-law. She testified that neither she nor her husband ever held a deed to that property. She considered that she and her son each own one-half of the house itself, but this raises a legal question inasmuch as the house obviously is an immovable by nature. The only vehicle owned by Mrs. McFarlain is the 1964 pickup truck which she was driving at the time of this accident. She testified that this pickup truck was completely paid for.
The doctrine that the court should take into consideration a defendant's ability to pay is well recognized in our law. Ryan v. Allstate Insurance Co., 232 La. 831, 95 So.2d 328; Davis v. McKey, La.App. 167 So.2d 416 (writ refused, 246 La. 910, 168 So.2d 822).
All of the evidence relating to this factor convinces this court that Mrs. McFarlain is not financially able to respond in judgment to the excess required by the District Court over her insurance coverage. Invoking this principle and taking into full consideration the injuries received by young *91 Monger in this accident, his pain and suffering, the extent of his permanent residual disability and the problematical nature of any other or further disability, a judgment against Mrs. McFarlain and Travelers Indemnity Company for $6,566.10 will do substantial justice between the parties.
Accordingly, for the reasons assigned, the judgment against Harold Guidry, G. B. Zigler Company and The Fidelity & Casualty Company of New York is reversed.
It is further ordered that there be judgment in favor of Alfred Monger individually and against Mrs. Vida Lee McFarlain and Travelers Indemnity Company, in solido, in the sum of $1,066.10. To this extent the judgment of the lower court is hereby affirmed.
It is further ordered that there be judgment in favor of Alfred Monger, as administrator of the estate of his minor son, Karl Monger, and against Mrs. Vida Lee McFarlain and Travelers Indemnity Company, in solido, in the sum of $5,500.00. To this extent the judgment of the lower court is amended and as amended is hereby affirmed. Judgment to provide that the liability exposure of Travelers Indemnity Company in response to this portion of the judgment is not to exceed the sum of $3,933.90, with interest.
It is further ordered that the defendants be required to pay all costs.
For the foregoing reasons, the judgment of the District Court is hereby:
Reversed in part, amended in part, and as amended, affirmed.
FRUGÉ, Judge (dissenting in part):
I feel compelled to differ from the decision of the majority in this case insofar as it held Mr. Guidry free from negligence proximately causing the accident.
Mrs. McFarlain was stopped on a two-lane street at the corner of an intersection awaiting an opportunity to cross the intersection and proceed down the street. Mr. Guidry crossed over the center line and to the left of the McFarlain vehicle, thereby blocking her view of any traffic coming from her left. Mr. Guidry was in a hurry and he wished to make a left turn at that corner, so he drove his truck into the improper lane at that corner in order to execute his turn before Mrs. McFarlain crossed the intersection. So this operation on the part of Mr. Guidry was clearly against the city ordinance in that he crossed the center of the street within a hundred feet from an intersection. Furthermore, he knew or should have known that by pulling his truck along the left side of Mrs. McFarlain would thereby block her free and unobstructed vision of any oncoming traffic from that side.
The trial court found Mr. Guidry negligent and the majority opinion likewise finds him guilty of negligence. Under the rationale of the Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962), Mr. Guidry becomes a joint tortfeasor bound in solido with Mrs. McFarlain, if his negligence was a substantial factor in causing the ensuing accident.
There appears no doubt but that had Mr. Guidry not stopped his truck along the left side of Mrs. McFarlain, she would have been able to observe any traffic coming toward the intersection from her left for there was apparently no other obstruction which would have hindered her from viewing the motorcycle driven by Karl Monger.
I am of the opinion that the negligence of Mr. Guidry was a substantial factor in causing the accident between Mrs. McFarlain and Karl Monger. The maneuver of Mr. Guidry pulling up to the intersection in the wrong lane along the side of Mrs. McFarlain created an unreasonable risk that some injury may result therefrom. It was foreseeable that Mr. Guidry's action would obstruct Mrs. McFarlain's view and result in her driving into the intersection *92 without first being able to ascertain that no traffic was approaching from her left.
The view of the majority that Mr. Guidry's "negligence had become passive", I feel is a questionable principle of law which appears to have been repudiated by Justice Sanders in the Dixie Drive It Yourself System case. In that decision (137 So.2d 298, 307), Justice Sanders said:
"The doctrine of passive negligence, * * * places undue emphasis on the chronology of the negligent acts and omissions. In so doing it insulates the first wrongdoer from liability to innocent victims. As applied to case of the type here presented, it renders nugatory the statutory provisions against the obstruction of highways."
By virtue of this same language and from my belief that Mr. Guidry's negligence was a substantial factor causing the accident, I do not feel that the negligence of Mrs. McFarlain in driving into the intersection when she was unable to ascertain that the way was clear was such an intervening cause as to relieve Mr. Guidry from the consequences of his negligence.
For the foregoing reasons, and under the holding of Dixie Drive It Yourself System, supra, I am of the opinion that the negligence on the part of Mr. Guidry was a "legal cause", or "substantial factor", "proximately causing" the accident.
To that extent, I disagree with the opinion of the majority in this case and accordingly respectfully dissent.

On Application for Rehearing.
En Banc. Rehearing denied.
FRUGÉ, J., votes for rehearing for same reasons assigned in dissenting opinion.
CULPEPPER, Judge (dissenting).
The majority opinion holds that Guidry's negligence, in pulling into the wrong lane in violation of a traffic statute, thereby blocking Mrs. McFarlain's view, had become passive and is, therefore, not actionable. This is clearly erroneous. The so-called doctrine of "passive negligence" has been expressly rejected by our Supreme Court in Dixie Drive It Yourself System, Inc. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).[1]
In my view, all of the requirements of "legal cause" as set forth in the Dixie Drive It case, have been met here. The defendant, Guidry, was admittedly violating a Louisiana Highway Regulatory Act, LSA-R.S. 32:76, subd. A (2). He drove to the left side of the highway within 100 feet of an intersection. He was attempting to pass on the left of Mrs. McFarlain who was stopped at the intersection in obedience to a stop sign and a blinking red light. In so doing, Guidry obstructed Mrs. McFarlain's view of traffic approaching from her left. She testified, and the facts clearly show, that this obstruction of her view was a cause in fact of the accident, without which it would not have occurred.
The purpose of the safety statute prohibiting driving to the left side of the highway within 100 feet of an intersection is obviously to protect against hazards caused by the congestion of traffic using the intersection. This is the very type of hazard which Guidry caused and which resulted in the injuries to plaintiff.
For the reasons assigned, I respectfully dissent from the denial of a rehearing.
NOTES
[1] This case has been followed by us in Marcotte v. Ocean Accident and Guaranty Corp., La.App., 189 So.2d 426 (3rd Cir. 1966); Bertrand v. Trunkline Gas Company, La.App., 149 So.2d 152 (3rd Cir. 1963).