FRUGÉ, Judge.
This is an appeal from a judgment denying plaintiff total and permanent workmen’s compensation benefits. Plaintiff-appellant, Terry Hebert, was employed by Metal Buildings, Inc., the defendant’s insured, as a common laborer. On March 2,1967, while plaintiff was seated on a steel beam approximately thirty feet above the ground, a piece of angle iron which he was holding touched electrical high lines giving him an electrical shock and causing him to fall from the beam. As a result of the accident, plaintiff allegedly received a back injury and first, second, and third degree electrical burns of the legs and perineum, the burns covering approximately twenty percent of both legs.
Plaintiff was hospitalized from March 8, 1967 until April 11, 1967, and on October 8, 1967, was discharged by the treating physician to return to work. As of that date, defendants discontinued payment of compensation benefits which had been started since the time of the accident, and they denied any further liability therefor.
*843 After trial on the merits, the district court held that plaintiff was not entitled to any further disability benefits. Judgment was rendered, without written reasons, and from that judgment plaintiff has appealed.
The basic contention of plaintiff-appellant is that the trial court erred in not finding plaintiff was in fact disabled from working due to pain and suffering from the burns.
This being essentially a medical fact question, we shall proceed to a discussion of the medical evidence in the record.
The record contains the testimony of three physicians who examined plaintiff. Dr. E. S. Fields, Jr., a general surgeon, treated plaintiff from March 8, 1967, until March 6, 1968. Dr. William Meuleman, an orthopedist, examined plaintiff on May 22, 1968, and Dr. Frank H. Davis, Sr., a dermatologist, examined and treated plaintiff from May 13, 1968 until June 24, 1968.
Dr. Fields treated plaintiff from the time he was hospitalized and he discharged him on October 8, 1967 as capable of returning to work. Plaintiff takes issue with this discharge in that as of the time of Dr. Fields’ last examination, March 6, 1968, he allegedly noted that the burn wounds were still tender and that they possibly could be painful. We note, however, in reading Dr. Fields’ testimony, that on October 8, 1967, when he discharged plaintiff to return to work, the doctor found that plaintiff’s wounds had “healed” and he could find no medical reason why Mr. Hebert should not return to work.
“Q. And, did you conclude that report, Doctor, by stating that you could find no physical reason why Mr. Hebert could not return to his previous occupation ?
“A. Yes, sir, I did.
“Q. And now, were you aware that his previous occupation was that of involving manual labor, sitting on pipes, standing up, picking up and moving about ?
“A. Yes, sir.
“Q. Requiring fairly rigorous activity?
“A. Yes, sir.”
As well, on the subsequent examinations after discharge, those about which plaintiff is concerned, the doctor found no change in plaintiff’s condition. He found the burns were “not particularly tender”, and he noted that the only complaints of pain that plaintiff had were the pains of a vague low back pain, and this pain could not be substantiated from a medical standpoint.
The above leads us to no other conclusion than that although the wounds might have been tender, the plaintiff was not suffering from pain and thus, the doctor was right in his determination that plaintiff could return to work.
Plaintiff was examined by Dr. Meuleman on May 22, 1968 in an attempt to find a medical basis for his qomplaints of low back pain, but as is reflected in the testimony of the doctor, entered in the record by way of deposition, he could find no orthopedic basis for plaintiff’s complaints.
Dr. Davis first examined plaintiff on May 13, 1968, and in his report is a confirmation of Dr. Davis’ findings in that he noted that the burns “seemed to have healed rather nicely and quite adequately”. Dr. Davis’ most significant finding, in regard to this case, was the presence of a “fungus” which “required specific treatment for a while”. Although plaintiff lays great stress on the presence of the fungus as a disabling factor, Dr. Davis was of the opinion that it was of less importance. He testified as follows :
“[It was] not a major type of thing. It was strictly, I would say, an incidental finding at that time, and after a certain amount of treatment — and I want to add something else too — after a certain amount of treatment it seemed to subside.”
Dr. Davis testified that some of the problems with the fungus continued as an irrita *844 tion of the skin for which he prescribed medication, but of importance to us however, the doctor was somewhat unsure as to the cause of the fungus that resulted in irritation. He admitted that the fungus could be attribued to numerous causes, one of which could be burns, but as well, one of which could be the wearing of perma-press-ed pants, which contain a certain material known as formalin, and as well, there were other things that could have produced “some of this picture at that particular time.” The only major tie that the doctor could find between the fungus and the burns was the fact that the fungus appeared subsequent to the receipt by plaintiff of the burns.
 In view of the above, we must say that we feel plaintiff has failed to establish by medical testimony that the fungus was causally related to the accident. As has been often noted, speculation, possibilities, conjecture, and unsupported probabilities are insufficient to support a judgment in favor of disability. Durham v. G. & H. Drug Company, 216 So.2d 878 (La.App. 2d Cir., 1968).
In summary, we feel that the record in this case does not substantiate plaintiff’s allegations of continued disability attributable to the accident. If in fact he has pain stemming from the original injury, we do not feel that said pain is sufficient to hinder him in any way in the performance of his duties.
Since the question is primarily “one of fact”, the real issue for our decision is whether there is evidence in the record to substantiate the trial court’s finding that plaintiff’s suit should be dismissed. We have found such evidence, and as is so often stated, the findings of the trial court in the absence of manifest error should not be disturbed on appeal.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs to be paid by plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
SAVOY, J., is of the opinion a rehearing should be granted.