MILLER, Judge
(dissenting).
The trial court considered the issue of McCain’s alleged contributory negligence to be a “serious question”. Nevertheless, plaintiff’s failure to see defendant’s vehicle blocking plaintiff’s proper lane of traffic was excused because of the unusual facts.
Plaintiff’s view of the tail lights was obscured by the headlights of at least one other vehicle shining across the highway, together with the activity near the intersection. There were two other vehicles parked near the intersection. Lights were shining on the cow which defendant killed an hour before this accident. The cow had been dragged off the blacktopped highway and placed on the side (Vail) road. Some five to seven people were standing around talking and examining the cow. They watched plaintiff approach and drive through the intersection and made no effort to warn him that defendant’s vehicle was blocking the entire northbound lane in this 60 mile per hour zone. This notwithstanding the fact that defendant had a flashlight which they had used to warn other traffic before their park lights and tail lights had been repaired.
At the time of the accident, defendant’s vehicle had been on the paved portion of the highway for one hour. Friends who stopped to help informed them that this was dangerous and made several efforts to remove the car from the highway. They were stopped by defendant because defendant wanted the car to be found by the State Troopers (who had been called), just as it was when it came to rest after striking the cow. Both shoulders of the road were wide and in excellent condition.
As plaintiff approached the intersection, he saw the parked vehicles, the lights shining across the road, the people standing around and the dead cow. He slowed his vehicle from his 45 miles per hour speed to a speed of 35 miles per hour. The intersection was clear. As he approached and went through the intersection he looked to see what the activity was about, not dreaming that anyone would leave a parked vehicle blocking his proper lane of travel a short distance beyond the intersection.
The distance from the intersection was stated by both Mr. and Mrs. Doucet to be three or four car lengths. One witness estimated a distance of 25 feet. Two other witnesses estimated the distance at about 100 feet.
Plaintiff failed to see the 1964 red Chevrolet and its tail light or lights (the witnesses differed on whether there was one or two shining) before he struck it. The holding that this constitutes contributory negligence and bars recovery, is supported by many cases which I distinguish.
I excuse plaintiff’s failure on the basis that this negligence was not a proximate cause of the accident. Many cases have held that speeding was not a proximate cause of an accident. Moving into the wrong lane of traffic and blocking visibility of a vehicle properly waiting to enter the favored street has been excused as not constituting a proximate cause of an accident. Monger v. McFarlain, 204 So.2d 86 (La.App. 3d Cir. 1967).
The proximate cause of this accident was the unreasonable, gross and almost (if not) criminal negligence of the Doucets in refusing (for a period of almost an hour) to allow the removal of their vehicle to the safety of the wide shoulder. They knew or should have known that the gathering of people and vehicles (with lights shin *927 ing) together with the dead cow would distract both attention and visibility of northbound traffic using this hardsurfaced road. They had a flashlight which they had been using to flag traffic and were in a position to warn plaintiff. Their negligence led plaintiff into a trap.
The trial court properly found that plaintiff’s slowing to 35 miles per hour and directing his attention to the activity around the vehicles and the crowd of people at the intersection was in keeping with his duty under the circumstances.
I respectfully dissent.
On Application for Rehearing.
En Banc. Rehearing denied.
MILLER, J. votes for rehearing.
TATE, J., not participating.