FRUGÉ, Judge.
This is a personal injury suit. Plaintiff appeals from a verdict in his favor, contending that the award granted is insufficient and constitutes an abuse of discretion on the part of the trial court. Defendants answer the appeal, disputing the trial court’s determinations concerning negligence.
This suit arises as a result of a collision between a motorcycle driven by James Calvin Trahan, Jr., the plaintiff, and an automobile driven by Clifford Hoyt Taylor. Taylor is named defendant along with his insurer, Continental Insurance Company.
The accident occurred at approximately 7:45 on the morning of April 22, 1969, in Lake Charles, Louisiana. Trahan was proceeding south on Kirkman Street; Taylor was proceeding west on College Street. At the intersection of these two streets, Kirk-man is favored. East-west traffic on College is controlled by “Stop” signs.
Taylor testified that as he brought his vehicle to a stop on approaching the intersection with Kirkman Street, he looked northward and saw Trahan’s motorcycle about 250 feet down from the intersection. He then looked southward down Kirkman, saw no traffic, and moved into the intersection. As he entered the intersection, he looked northward again. Seeing that Trahan was “too close for me to get across the street,” Taylor applied his brakes, so that at the moment of impact his automobile was stopped or almost stopped, with its front end extending five or six feet into the southbound lane of Kirkman Street. Trahan, travelling on a favored street, within his proper lane of traffic, and at a reasonable speed, attempted to veer around the Taylor vehicle, but the left front of his motorcycle struck the right front fender of the Taylor automobile.
The trial court found that Taylor was negligent in failing to properly check traffic in both directions before entering *427 the intersection. Because Trahan was travelling on a favored street, and knew that College Street traffic had a Stop sign, the trial court concluded that he was justified in assuming that traffic stopped at the College Street Stop sign would obey his right-of-way, and that he was therefore free from contributory negligence.
On the facts as found by the trial court, these conclusions are correct. There is substantial evidence in the record to support the trial court’s findings of fact, and we will not disturb those findings in the absence of manifest error. Kendrick v. Duconge, 236 La. 34, 106 So.2d 707 (1958); Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955); Sandel v. Travelers Insurance Company, 225 So.2d 736 (La.App. 3rd Cir. 1969); Hebert v. Sentry Insurance Company, 224 So.2d 842 (La.App. 3rd Cir. 1969); Fontenot v. Snow, 149 So.2d 172 (La.App. 3rd Cir. 1963).
As a result of the accident, Trahan’s most severe injuries were a compression fracture of the 12th dorsal vertebra (but no injury to the spinal cord) and abrasions of his foot. Additionally, he suffered general body bruises and contusions, including a painful large (4" in diameter) hematoma and bruise of the right chest wall, a sprain of the left hip and left ankle, a concussion, and was in moderate traumatic shock when admitted to the hospital. After the injury he was in very much pain, generalized, but most severe in the upper middle back area. While in the hospital, he contracted pneumonia, but it was cleared by treatment with antibiotics within four days.
Upon his discharge from the hospital on May 13, 1969, all injuries had healed with the exception of his fractured vertebra, and the injuries to his foot. At time of trial, he was still experiencing an aching discomfort in his back, resulting from the changing architecture of his spine. There was some permanent discoloration of the tissues of his left foot, which remained tender.
Because of the injuries to his back, he was required to wear a brace for six months.
At the time of trial, Trahan’s progress was evaluated by his doctors as good. It was said that he was suffering no undue pain. The back injury, though healed satisfactorily, will affect the mobility of the spine and cause occasional pain. The treating orthopedist stated that he would suffer a 25% anatomical disability because of the spinal injury. Although that injury will cause him some pain, and he will fatigue quickly during the next two to three years, it will not prevent his being a competent electrician, which is his trade. He was not, however, allowed to return to work until one year after the accident.
The trial court awarded Trahan $1,856.64 for medical expenses; $950.00 for property damage to his motorcycle; plus $6,000.00, for a total award of $8,806.64. The court found that Trahan’s loss of earnings as a fourth year electrician’s apprentice would amount to $6,500.00, and indicated it would normally award $6,500.00 for pain and suffering, for a total award of $15,806.64. However, the insurance coverage available being only $5,950.00, the court considered both Trahan’s needs as a 23-year-old man with no family responsibilities, and Taylor’s ability to respond in damages as a 60-year-old retiree with a wife and two children to care for, and whose annual income consists of a pension of $4,200.00, $600.00 rental income, and approximately $1,000.00 from a small sales and service business. The court therefore concluded: “Taking into consideration the cost of living; taking into consideration the fact that Mr. Trahan will be able to start earning money in the future; then taking into consideration that Mr. Taylor is a man of 60 years of age, it would be very difficult for him to secure some gainful type of employment that would pay him any substantial sum of money; this court believes that justice will be done by reducing the amount that it would have rendered in this case had the funds been available.”
*428 The doctrine that the court should take into consideration a defendant’s ability to pay is well recognized in our law. Ryan v. Allstate Insurance Company, 232 La. 831, 95 So.2d 328 (1957); Monger v. McFarlain, 204 So.2d 86 (La.App. 3rd Cir. 1967), writs refused, 251 La. 686, 205 So.2d 605 (1968). We find no evidence in the record on which to base a conclusion that the trial court’s determination of Taylor’s ability to pay was manifestly erroneous. Based on the authorities cited earlier, therefore, we will not disturb the award.
Accordingly, for the reasons assigned, the judgment of the trial court is affirmed. Costs to be paid by plaintiff-appellant.
Affirmed.