MILLER, Judge.
Plaintiff E. B. Yale’s Ford was being towed by defendant Lloyd R. Drewett’s wrecker when the Ford was rearended by another vehicle. Yale obtained judgment against the overtaking motorist, but appeals the judgment insofar as it relieves Drewett from liability. We affirm.
The roadway was wet from a misting rain. The series of accidents involving five westbound vehicles occurred on a narrow rural blacktop road (with no shoulders) just east of a narrow bridge. As an eastbound school bus approached the bridge the lead westbound vehicle slowed and stopped to wait for the bus to cross the bridge. The second westbound vehicle (operated by Raphael Gremillon) braked to a gradual stop. Because of Drewett’s load and the wet condition of the pavement, Drewett was unable to stop before the front of his wrecker struck thfe rear of Gremil-lon’s car. The wrecker and Yale’s Ford were not damaged in that accident and Gremillon’s minor damage was repaired for $100.
After this minor impact, Drewett turned off his ignition, set his handbrakes which kept his brake lights burning, and was disembarking from his wrecker when the towed Ford was rearended by defendant Freddie Richey’s westbound automobile. Immediately thereafter Richey’s automobile was rearended by a westbound vehicle driven by Walter Littleton. This caused Richey’s vehicle to again strike the rear of the towed Ford. The rear end of the Ford sustained damages which would have cost more than $2000 to repair. The evidence preponderates that the front end of the towed Ford was undamaged. The front of Richey’s vehicle was seriously damaged but the vehicle sustained relatively minor damage to the rear end. Littleton’s vehicle was repaired for $75.
The trial court cast defendants Richey and Littleton jointly and in solido for the damages but rejected Yale’s demands against Drewett. Yale contends that Drewett was following too close and driving too fast under the road and weather conditions, and that his failure to make a proper stop behind the Gremillon vehicle caused Richey to collide with the rear of the towed Ford. The thrust of Yale’s contention is that the three impacts were almost simultaneous.
This fact question was resolved against Yale by the trial court. It was held that the minor impact between the front of Drewett’s wrecker and the rear of the Gremillon’s vehicle was not the cause in fact of the destruction of Yale’s Ford. Had Drewett stopped less than six inches sooner than he did, the wrecker would not have struck Gremillon’s vehicle. Drewett was not responsible for the conditions which required him to stop in the westbound lane. When Drewett stopped, Ri-chey was at a sufficient distance behind the towed Ford that he had ample time to react to the situation. The cases cited by appellant are distinguished on these facts.
The sole cause in fact of the damages sustained by Yale’s Ford was the joint negligence of Richey and Littleton in failing to keep a proper lookout.
The trial court’s finding of fact is entitled to great weight and will not be overturned absent manifest error. Holmes Company v. Foret, 229 La. 360, 86 So.2d 66 (1956); Hebert v. Sentry Insurance Company, 224 So.2d 842 (La.App. 3 Cir. 1969).
The judgment is affirmed at appellant’s costs.
Affirmed.