431 So.2d 876 (1983)
Leonard Allen TAYLOR, Plaintiff-Appellee,
v.
STATE of Louisiana, Defendant-Appellant.
No. 15347-CA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
*877 Duchein & Naquin by C. John Naquin, Jr., Baton Rouge, for plaintiff-appellee.
Law Offices of Don H. Johnson by Don H. Johnson, Monroe, for defendant-appellant.
Before MARVIN, JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
This personal injury action stems from a motorcycle-automobile collision. The plaintiff is Leonard Taylor, the operator of the motorcycle. The defendant is the State of Louisiana through the Department of Transportation and Development. After a trial on the merits the district judge rendered judgment against the DOTD for its virile share, one-half, of $156,393.28. The DOTD appeals and Taylor has answered the appeal.[1]
This appeal presents three issues:
1) was the driver of the automobile, John Edwards, negligent;
2) was the negligence of the DOTD a cause of the accident; and
3) did the trial judge err in fixing plaintiff's damages for pain and suffering at $100,000.
The Facts
On the morning of June 8, 1979, DOTD employees were engaged in making repairs on U.S. Hwy. 165 south of Monroe, Louisiana. Upon the arrival of their lunch hour, the DOTD crew halted work and parked their two large DOTD trucks on the southbound or west shoulder of U.S. 165. The crew then adjourned to a nearby shade tree to eat lunch.
*878 The DOTD trucks were parked very near the intersection of U.S. 165 and Riverbarge Street. Riverbarge is an inferior thoroughfare and its intersection with U.S. 165 is controlled by a stop sign. The DOTD trucks were parked in such a position as to substantially obscure the vision towards the north of drivers eastbound on Riverbarge stopped at the intersection.
While the DOTD trucks were in that position, John Edwards, traveling east on Riverbarge, approached the intersection. Edwards planned to turn left onto U.S. 165 and travel north. Upon reaching the intersection Edwards saw that his view towards the north, and consequently his view of traffic southbound on U.S. 165, was obstructed by the trucks and that he could not safely complete his left turn.
Edwards then backed up and attempted to attract the attention of the DOTD employees but was unable to do so. From his new position Edwards could see north of the trucks and observe any distant southbound traffic though any nearby traffic remained hidden from view by the trucks. Edwards decided to wait to allow any hidden traffic to pass the intersection and then to drive back to the intersection and complete his turn.
After waiting what he thought to be a sufficient time, Edwards attempted to execute his planned maneuver. As Edwards turned left onto U.S. 165 he saw, for the first time, Taylor's motorcycle only a short distance away.
Upon seeing the Edwards vehicle, Taylor, who was traveling south at approximately thirty-five miles per hour, applied his brakes. Edwards accelerated in an effort to get out of the way. Despite their efforts Taylor's motorcycle struck the left rear quarter panel of Edwards' car.
The force of the collision hurled Taylor over the car. Taylor struck the ground head first and slid.
Taylor was taken to the St. Francis Medical Center in Monroe where he was hospitalized for eighteen days suffering from numerous contusions, a deep wound to the left knee, a possible fractured rib, bladder dysfunction, severe headaches and extensive neck and back pain. Following his release from St. Francis, Taylor continued his convalescence at home.
In April, 1980, Taylor was again hospitalized, this time for surgery on his left shoulder to correct injuries suffered in the accident. This period of hospitalization was for four days.
Prior to the accident Taylor had been employed as a roughneck earning approximately $17,000 per year. At the time of the trial Taylor had not worked since the accident though he was undergoing vocational retraining.
The initial defendants in this action were Edwards, his employer and the employer's insurer. Those defendants made a third party demand against the DOTD and Taylor then made the DOTD a defendant in the main demand. Subsequently, Taylor settled with all defendants other than the DOTD and they were dismissed from the action. Taylor and the DOTD proceeded to trial.
This matter was tried on September 7, 1982. The district judge found that both Edwards and the DOTD were negligent and that the conduct of each was a cause of the accident. The district judge found the damages to be $5,393.28 for medical expenses, $51,000 for lost wages and $100,000 for pain and suffering. Judgment was rendered against the DOTD for its virile share, one-half, of plaintiffs damages. This appeal followed. We affirm.
Issue # 1
Taylor contends that the trial judge erred in concluding that Edwards was negligent. Taylor then suggests that the DOTD should be responsible for the entire amount of his damages.
The issue of Edwards negligence is resolved on two inquiries: first, was Edwards' conduct a cause in fact of plaintiff's injury and, second, if so, was the conduct a breach of a duty imposed on Edwards to protect Taylor from the particular risk encountered. See Knockum v. Amoco Oil Co., 402 So.2d 90 (La.App. 1st Cir.1981).
*879 A driver entering a superior highway where his view is obstructed is under a duty to proceed with extraordinary caution. Sentry Ins. v. Marks, 398 So.2d 24 (La.App. 4th Cir.1981).
There is no doubt that Edwards' conduct was a cause in fact of Taylor's injury. The duty of extraordinary care imposed on Edwards under these circumstances is designed for the purpose of preventing collisions such as the one which occurred here. The only real question here is whether Edwards' conduct constituted a breach of his duty of extraordinary care. We conclude that it did.
Edwards drove into the traveled portion of U.S. 165 without making a visual observation to determine whether there was any nearby southbound traffic. He attempted to substitute a guess, based upon observation of a distant portion of the highway, for visual inspection.
Maneuvers of vehicles on our public highways, particularly a maneuver so dangerous as entry onto a highway with a posted speed limit of fifty-five miles per hour from a side road, cannot be made on the strength of a guess or surmise even under normal circumstances. Such a maneuver falls far short of discharging the duty of extraordinary caution imposed on a driver in Edwards' situation.
The trial judge correctly found that Edwards was negligent in driving onto the highway.[2]
Issue # 2
The DOTD, relying on Monger v. McFarlain, 204 So.2d 86 (La.App. 3d Cir.1967), writ denied, 251 La. 686, 205 So.2d 605 (1968), argues that its negligence had become passive at the time of the accident and was not a cause of the accident.[3]
Causation is a question of fact upon which the trial judge's findings cannot be disturbed in the absence of manifest error. Smith v. State, Through Dept. of Transp., Etc., 412 So.2d 685 (La.App. 2d Cir.1982), writ denied, 413 So.2d 907 (La.1982); Causey v. Monroe, 421 So.2d 1151 (La.App. 2d Cir.1982).
Conduct is a cause in fact of an injury if it is a substantial factor in bringing about the harm. Canty v. Terrebonne Parish Police Jury, 397 So.2d 1370 (La.App. 1st Cir.1981); writ denied, 401 So.2d 988 (La.1981); Head v. St. Paul Fire & Marine Ins. Co., 408 So.2d 1174 (La.App. 3d Cir. 1982), writ denied, 412 So.2d 99 (La.1982).
This record will admit of no conclusion but that the DOTD's negligent conduct in parking its trucks so as to obstruct the view of drivers at the intersection was a substantial factor in bringing about the accident. The DOTD's conduct was a cause in fact of the accident as found by the trial judge.
The doctrine of passive negligence, relied on by the DOTD, was repudiated in Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). See also Sinitiere v. Lavergne, 391 So.2d 821 (La.1980), wherein Dixie was cited with approval. We regard Monger to be contrary to Dixie and decline to follow the third circuit.[4]
The district judge correctly found the negligence of the DOTD to be a cause in fact of the accident.
Issue # 3
The DOTD contends that the trial judge erred in fixing plaintiff's damages for pain and suffering at $100,000. The DOTD suggests that the damages for pain and suffering should be reduced to no more than $20,000.
*880 Our inquiry is whether the award to this particular plaintiff for these particular injuries is a clear abuse of the trial judge's much discretion. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
The record shows that Taylor suffered a damaged rotator cuff in his left shoulder, a possible fractured rib, bladder dysfunction, numerous contusions and a deep wound to his left knee in the accident. He had a conus contusion of the spine and extensive back and neck pain. These injuries required that Taylor be hospitalized for eighteen days immediately following the accident and four more days in 1980.
The injuries required that Taylor undergo a myelogram for diagnostic purposes. He also had to be catheterized as a result of his bladder dysfunction and surgery was required for the shoulder injury.
The plaintiff's undisputed testimony details the severe pain he endured while hospitalized and during his lengthy convalescence at home. For example, Taylor testified that at times his headaches were so severe that even moving his eyes aggravated the pain.
Taylor's pain was somewhat lessened after he underwent surgery on his shoulder on April 30, 1980, almost eleven months after the accident. However, even the surgery did not fully restore plaintiff's use of his shoulder and he has a residual disability of his left shoulder of 15%.
The record shows that plaintiff endured extreme pain for approximately one year following the accident and that he still complained of some pain more than three years after the accident at the time of trial. Taylor was also required to undergo several painful medical procedures because of his injuries.
This record fully supports the trial judge's assessment of damages and we discern no abuse of discretion in the award.
The judgment of the district court is AFFIRMED and the costs of this appeal are assessed equally against both parties.
NOTES
[1] The DOTD makes two assignments of error: (1) that the trial judge erred in finding that the position of its trucks was a cause of the accident and (2) that the trial judge awarded excessive damages for pain and suffering.

Taylor contends that the trial judge erred in finding the driver of the automobile to be negligent and holding the DOTD liable for only one-half of his damages.
[2] Compare Koerner & Lambert v. Allstate Ins. Co., 374 So.2d 179 (La.App. 4th Cir.1979) (negligence is a question of fact); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) (trier of fact's factual conclusions cannot be disturbed absent manifest error).
[3] The DOTD does not argue that its conduct was not negligent. Therefore, we do not discuss the negligence of the DOTD but we are in accord with the district judge's conclusion as to the negligence of the DOTD.
[4] While we are aware that the supreme court denied writs in Monger, a writ denial is of no precedential value. Coco v. Winston Industries, Inc., infra.