JASPER E. JONES, Judge.
George Peyton, Jr., the plaintiff in this personal injury action, appeals a judgment in favor of the defendants, Calvin Bogan, Jr., and Mid-American Indemnity Company, rejecting his demands. The principal issue raised by this appeal is whether the district judge was correct in concluding that defendant Bogan was not negligent under the facts of this case. We find that the trial judge was correct and affirm.
This action springs from the facts set out hereinafter.
The defendant’s car would not start on the morning of May 5, 1982. The defendant and three other men who were present at his home, the plaintiff, Louis Bogan and Curry White, then began trying to start the car.
The hood of the car was opened and a different battery was installed. Defendant got in the car while White worked on the battery. Periodically, White would instruct defendant to attempt to start the car. During this phase of the operation plaintiff and Louis Bogan withdrew a few steps from the car and looked on while White assisted defendant.
As White worked on the battery he instructed defendant to “try it.”[1] At the time White gave the instruction everyone was clear of the engine but, in the brief interval between the instruction and defendant’s attempt to start the engine, appellant stepped forward and placed his right hand near the alternator belt. When defendant turned the key and attempted to start the car appellant’s right forefinger was amputated by either the fan blade or the belt.[2] At the time defendant attempted *542 to start the engine he could not see forward because of the raised hood.[3]
Plaintiff filed this action on July 30,1982. The matter was tried on the merits on December 2,1982. The district judge found that defendant Bogan was not negligent and rendered judgment rejecting plaintiff’s demands. Plaintiff then took this appeal.
Appellant argues that defendant owed a duty to keep a proper lookout while attempting to start the car. He contends that because of defendant’s breach of that duty his injury resulted.
The question of defendant’s negligence is resolved through two inquiries: 1) was defendant’s conduct a cause in fact of plaintiff’s injury and 2) if so, was that conduct a breach of a duty imposed on defendant to protect this plaintiff from the particular risk encountered. See Knockum v. Amoco Oil Co., 402 So.2d 90 (La.App. 1st Cir.1981); Taylor v. State, 431 So.2d 876 (La.App. 2d Cir.1983).
Negligence is the breach of a duty owed to another to protect him from the particular harm that ensued. Callais v. Allstate Insurance Co., 334 So.2d 692 (La.1976). A breach of a duty, although a cause-in-fact of harm, might not impose liability because the duty was designed to protect other potential victims or the actual victim from some other harm. LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978).
Defendant’s conduct in attempting to start his car was a cause of appellant’s injury. Therefore, we now consider whether that conduct was a breach of a duty owed to plaintiff to protect against this injury.
Appellant argues that defendant breached his duty of maintaining a proper lookout. However, even assuming that defendant was under such a duty and violated it, liability does not follow in this case.
The duty to maintain a proper lookout runs in favor of passengers in vehicles and other persons and property on the highways. Cf. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980); Emmco Insurance Company v. Globe Indemnity Company, 119 So.2d 516 (La.App.Orl.1960). This duty is designed to protect against the risk of harm suffered from collisions between motor vehicles and persons, objects and other vehicles. The duty to maintain a proper lookout is not designed to protect against injuries occurring during an attempt to repair a parked automobile. The duty to maintain a proper lookout did not protect appellant from the injury actually suffered in this case.
However, defendant was under a duty to protect against those dangers which could be reasonably anticipated in the repair operation, such as injury from moving engine parts. Smith v. Indiana Lumbermans Mutual Insurance Co., 175 So.2d 414 (La.App. 2d Cir.1965), writ refused, 247 La. 1089, 176 So.2d 146 (1965). It was defendant’s duty to conform to the standard of conduct of a reasonable man under like circumstances to protect against this danger. See Straley v. Calongne Drayage & Storage, Inc., 346 So.2d 171 (La.1977).
In considering a defendant’s duty to a particular person consideration should be given to the latter’s age, maturity, experience, familiarity with the danger and other such factors. Walker v. Union Oil Mill, Inc., 369 So.2d 1043 (La.1979).
The record shows that appellant is an experienced and knowledgeable mechanic. As such he must have been fully aware of the danger presented by moving engine parts. A person of appellant’s age and *543 experience did not need a warning of the danger with which he was already fully familiar. Defendant’s duty to appellant could be fulfilled by providing notice of when the danger would be present, that is, when he would attempt to start the car.
The defendant was assisted by Gurry White in attempting to start the car. White, who stood by the engine, instructed defendant when to attempt to start the engine. White gave this instruction only when all were clear of the engine. The instructions by White also served as notice to the others present of when defendant would attempt to start the car.
In enlisting the assistance of White, who was outside the car and could determine when it would be safe to start the engine, defendant fulfilled the duty of care he owed to plaintiff. When White instructed defendant to “try it” and, thus, gave notice that the car was about to be started, all were clear. The plaintiff placed his hand in a position to be injured only because he ignored the notice or did not hear what all the others did hear, and what he should have heard.[4]
The defendant breached no duty owed to plaintiff to protect against the injury suffered. Defendants are not liable for injuries caused by appellant’s failure to hear what he should have heard or his disregard of it. The district judge properly found that defendant was not negligent. Appellant’s assignments of error are without merit.
The judgment is AFFIRMED at appellant’s cost.

. At oral argument counsel for appellant vigorously contended that there was no such instruction given. However, White testified that he told defendant to “try it.” R. 99, and both defendant and Louis Bogan testified that the instruction was given, R. 59, 82.

. (A) Louis Bogan testified as follows concerning the accident:
Q. Alright, what did Curry do?
A. He checked the battery again.
Q. And then he stepped back?
A. Yes.
Q. And then what happened?
A. He told Calvin to start it again, to try it.
Q. Was it at that point that George came up and stuck his hand inside the car?
A. Yes.
Q. After Curry had told him to hit it?
A. Yes. R. 59.
(B) Curry White testified as follows concerning the accident:
Q. Well now, if you gave the signal for Calvin as they say to “hit it” then did you check before you gave the signal?
A. Yes, but he wasn’t standing there when I told him to hit it; he was standing off to the side and then he walked up there where he was fixing to get ready to start it.
Q. How long did it take Calvin Bogan to hit it after you gave your signal?
A. He hit it; it wasn’t very long.
Q. How long did it take George Peyton to come up and start working?
A. I don’t know.
Q. So in other words, you gave the signal for Calvin Bogan to hit it, and George Peyton run in right quick and got his Ungers cut off, is that what you would have the Court to believe?
A. That’s what happened. R. 102.

. Appellant vigorously contends that the trial judge made errors in his factual conclusions. The trial judge in his written reasons for judgment made the following statement. “However, the evidence fails to establish any act of negligence on the part of Calvin Bogan, Jr., which was the cause of the accident and resulting injury.” The trial judge then made factual findings substantially the same as the above recitation of facts. We note that the trial judge’s factual conclusions are strongly supported by the testimony of Louis Bogan, Curry White and defendant.
In light of their strong evidentiary support the trial judge’s factual conclusions cannot be disturbed by us. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

. This case differs from Smith v. Indiana Lumbermans Mutual Insurance Co., supra, in an important respect. In Smith the defendant attempted to start the engine without giving any notice or warning to the plaintiff who was examining the fan belt. Here notice of the attempt to start was given to plaintiff while he was in a place of safety and despite that notice appellant put his hand near the engine.