SAMUEL, Judge.
Plaintiff filed this suit against R. E. Schanzer, Inc. for personal injuries he sustained when struck by falling bags of chicory during the course of discharging and stowing cargo from a ship docked in the Mississippi River.
Defendant answered, denying negligence on its part and alternatively pleading negligence and assumption of risk on the part of plaintiff.
Employers National Insurance Company intervened for reimbursement of compensation benefits and medical payments made by it under the Longshoremen’s and Harbor Workers’ Act.[1] Defendant answered the petition of intervention and sought indemnity and, alternatively, contribution by re-conventional and third party demands against Employers National and Louisiana Stevedores, Inc., its liability insurer, on the basis of Louisiana Stevedores’ alleged breach of its implied in law contractual responsibility to unload and stow in a safe manner.
After a trial on the merits, judgment was rendered in plaintiff’s favor against defendant for $22,000, out of which sum $4,432.95 was awarded to intervenor for compensation benefits it paid plaintiff. In addition, intervenor was awarded $6,501.51 for medical expenses incurred on plaintiff’s behalf and defendant’s reconventional demand against intervenor was denied. Defendant has appealed. Plaintiff has answered the appeal seeking an increase in quantum. In-tervenor also has answered the appeal seeking amendment of the judgment: (1) to award interest on the sum of $4,432.95 reimbursed it for compensation benefits;[2] and (2) to specifically dismiss defendant’s third party demand against Louisiana Stevedores, Inc.
The record shows defendant imported chicory from the nation of Poland on a Polish vessel. The vessel, obtained by the Polish government through Dalton Steamship Agency, docked to discharge defendant’s cargo in the free foreign trade zone in New Orleans. Dalton engaged Louisiana Stevedores, Inc. to unload and stow the cargo for defendant.
*256 The cargo was stored in six storage areas leased by defendant from the Board of Commissioners for the Port of New Orleans. These spaces are commonly called “bins” and measure 30 feet wide, 100 feet long, and 35 feet high. They are situated back-to-back and divided by a concrete partition.
At the time of the accident, plaintiff was employed as a stevedore by Louisiana Stevedores, Inc. and he was assigned to unload and stow defendant’s cargo of chicory. The chicory was shipped in sacks or bags weighing approximately 110 pounds each. Sixteen to 20 bags at a time were removed from the ship in cargo slings. Each sling filled a trailer or wagon and, after three trailers were loaded, they were hauled from the ship to the storage bin by a tractor. Plaintiff was operating one of these tractors on the day he was injured.
The unloading operation consisted of three tractors with trailers. While one such rig was being loaded with discharged cargo, another was being unloaded in the appropriate bin, while a third was in transit between the ship and the bins. G. Watson Tebo, a vice president of the defendant corporation, was located at least part of the time at a gate in the free trade zone to make a tally of the number of sacks which passed from the ship to the bins. Plaintiff contends Tebo also spent a substantial amount of time at the bins directing the operation and ordering the stevedores, despite their complaints, to store quantities of chicory in each bin as he directed. Plaintiff contends Tebo ordered the sacks stacked to an excessive height and the unsafe condition which resulted therefrom caused bags to fall and strike plaintiff.
The entrance to each bin was divided by a post located in the center. The tractor operator drove tractor and trailers into one side and, after the sacks were unloaded, proceeded out the other side of the bin door in a circular movement.
The bin in which plaintiff was injured was outfitted with an overhead electrical crane. The top of the crane’s cab was attached to a track mounted on runners, and it was capable of moving the length and width of the entire bin. In front of the cab was a drum hoist on which a line was attached for lifting the slings which contained the chicory sacks. The crane operator in the bin in which the accident occurred was employed by defendant.
The tractor driver and another stevedore assigned to work on the bin floor attached the crane’s hook to the sling, and signaled defendant’s crane operator to lift. Upon lifting the sling the crane moved toward the rear of the bin and deposited the load onto the pile of stacked chicory bags. Six men worked on this pile in pairs, with each pair handling and stacking bags from one sling load.
The sacks were stacked in the bin in a manner appropriate for this type cargo. The stacking is done in a stair-step manner so that the piles in the rear of the bin are always maintained at a higher level than those in front of it, and the level of each pile is progressively lower as one proceeds from the back of the bin to the front. By doing this, there is always physical access to the highest pile of sacks, and this “stepping” operation continues until the last sacks are placed at the top of a pile. After each pile is completed, it is then squared off for balance. As the bin approaches completion, the forward rows of chicory bags are stacked in a configuration known as a bulkhead. The bulkhead is built by alternating rows of three lengthwise and two crosswise sacks, and it is constructed when the stored cargo reaches a distance of 12 to 16 feet from the entrance.. After the cargo reaches this point the bulkhead is built up simultaneously with the loading of the remainder of the bin. Because the bulkhead consists of the last rows of sacks placed in the bin it is generally the lowest point in the storing operation.
The basic issue on liability is whether negligence of defendant’s employee caused the chicory sacks to fall and injure plaintiff.
The basic contentions by plaintiff are: (1) the sacks fell on him because they were stacked too high on direct orders of defendant’s vice president, which orders were giv *257 en in disregard of complaints made by the longshoremen; and (2) the stack was negligently bumped by defendant’s crane operator in such a way as to loosen the sacks which fell on plaintiff.
Both plaintiff and defendant offered evidence in the form of testimony of numerous witnesses over the course of a three day trial. There is ample evidence to support a finding of negligence on the part of defendant’s vice president and there is also evidence to contradict this. Similarly, there is evidence establishing defendant’s crane operator, in carrying the loaded slings from the front to the rear of the bin, did not raise the load high enough to avoid bumping the bulkhead and loosening the sacks stacked thereon and there is some evidence to contradict this contention. Defendant’s brief dedicates itself to an extended coverage of contradictions and inconsistencies it asserts exists in the testimony offered by plaintiff’s witnesses and the record reveals inconsistencies and disparities in the evidence presented by defendant.
Defendant also argues plaintiff’s proof relies substantially on circumstantial evidence to prove its alleged negligence. Defendant points to the rule that while circumstantial evidence has value, it must exclude other reasonable hypotheses with a fair amount of certainty so that it is more probable than not that the causative negligence complained of was in fact the result of tortious conduct by the defendant.[3]
It is well settled an appellate court must give great weight to factual conclusions of the trial judge. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon appellate review, even if the reviewing court should disagree with the holding of the trial court.[4] Defendant’s lengthy argument regarding the legal cause-in-fact of the accident resolves itself into an ultimate determination by the trial judge as a fact question. In short, the judgment of the trial court is amply supported by the evidence and therefore must be affirmed.
By this appeal, defendant alternatively seeks a decrease in the trial court’s award for general damages, and by answer to the appeal, plaintiff seeks an increase in that award. Plaintiff argues he is totally disabled to perform a longshoreman’s duties and should be compensated accordingly.
Plaintiff proved some disability, but its exact degree is in serious dispute. The blow he received apparently caused neurologic involvement, resulting in some weakness in both hands and some diminished ability to lift, push and pull. However, the same weight to which the findings of the trial court are entitled on the issue of liability must also be afforded his assessment of damages.[5] We find the evidence in the record is not sufficient to disturb the award for general damages as being either insufficient or excessive.
Regarding intervenor’s answer to the appeal, Employers National complains that the portion of the judgment which awards repayment to it from plaintiff’s award of compensation benefits does not clearly provide for interest. Intervenor suggests the judgment should be amended to award it interest from the date of judicial demand, and we agree.[6]
Intervenor further seeks to amend the judgment to rectify its silence as to the defendant’s third party demand against its insured, Louisiana Stevedores, Inc. While under the facts of this case the legal effect of the judgment’s silence is a rejection of that demand,[7] the record discloses no basis for an award against Louisiana Stevedores, *258 and there is no reason for refusing this request.
For the reasons assigned, the judgment appealed from is amended by awarding in-tervenor, Employers National Insurance Company, legal interest from date of judicial demand until paid on that sum of money awarded to it as reimbursement of compensation benefits paid plaintiff, and by dismissing defendant’s third party demand against Louisiana Stevedores, Inc. As thus amended, and in all other respects, the judgment appealed from is affirmed.

AMENDED AND AFFIRMED.

SCHOTT, J., concurred with written reasons.
REDMANN, J., dissents with written reasons.

. 33 U.S.C.A. § 901, et seq.

. The judgment provides for interest on the award for medical expenses but fails to clearly provide for interest on the award for compensation benefits.

. Defendant relies on Townsend v. State, Department of Highways, La., 322 So.2d 139.

. Canter v. Koehring Company, La., 283 So.2d 716.

. LSA-C.C. Art. 1934(3); see Canter v. Koehring Company, id.

. See, e. g., Succession of Foster, 240 La. 269, 122 So.2d 96.

. See Mexic Bros., Inc. v. Sauviac, La.App., 191 So.2d 873.