446 So.2d 780 (1984)
ABC SCHOOL UNIFORMS, INC.
v.
LE HIG'S UNIFORM CENTER.
No. CA 1123.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
*781 Anthony J. Milazzo, Jr., Kenner, for plaintiff-appellant.
C. Monk Simons, III, New Orleans, for defendant-appellee.
Before BYRNES, AUGUSTINE and WARD, JJ.
BYRNES, Judge.
This appeal involves a suit on an open account. ABC School Uniforms, Inc. [ABC], plaintiff-appellant filed suit in the Civil District Court, Orleans Parish, to collect $10,650.23 allegedly owed by LeHig's Uniform Center Inc., [LeHig's]. Judgment was granted in favor of ABC and against LeHig's in the amount of $5,392.75 with interest and costs. The trial court found that ABC failed to properly credit LeHig's account for merchandise returns in the amount of $5,257.57. ABC appeals.

ISSUE
ABC contends that the trial court erred in not awarding the full amount sought and by failing to award attorney fees.

FACTS
In 1977 Daisy clothing stores went out of business. Daisy had previously sold uniforms for ABC. However when they closed, ABC approached LeHig's to distribute their uniforms. LeHig's has stores in New Orleans; Biloxi, Mississippi; and Mobile, Alabama.
At the inception of their business relationship ABC shipped LeHig's approximately $25,000.00 of merchandise, which remained from Daisy's inventory. Of this original shipment $7,967.00 of goods were returned to ABC. The remaining merchandise was shipped to LeHig's various stores. Some of the remaining merchandise was used to fill orders and the rest was returned to ABC.
LeHig's made payments to ABC on a rather irregular basis. At one point ABC wrote LeHig's a letter outlining amounts owed at $22,667.25. However, through payments and returns LeHig's managed to decrease the balance due by some $12,000.00. ABC's ledger showed the amount due to be $10,650.23 when this action was brought.

AMOUNT DUE
ABC submitted statements and invoices into evidence to support its claim. Further, ABC's president testified as to the amounts owed and that he was personally involved in the shipments made to LeHig's. Thus, ABC established a prima facie case.
Once a prima facie case has been established the burden shifts to the debtor to "... disprove the existence or correctness of the account either in whole or in part." See Shear v. Castrinos, 327 So.2d 558, 558 (La.App. 4th Cir.1976).
In the present case, LeHig's asserts that the statement of account submitted by ABC was incomplete in that it did not include several returns made by them. ABC contends that LeHig's has inflated the amount of credit to which they are entitled by using prices higher than those they paid for the merchandise.
As noted by the trial court in its reasons for judgment, LeHig's business practices were rather poor regarding record keeping. Many of the records submitted by LeHig's were masses of numbers scrawled on scraps of paper. By the same token, although ABC kept comparitively scrupulous records many of the credit memos which *782 they introduced into evidence did not list the inventory allegedly credited to LeHig's account, they merely stated total dollar amounts. Without evidence of which items were credited it is impossible to match these credit memos with LeHig's records.
It is clear that the trial court was faced with a serious evidentiary problem involving conflicting testimony and incomplete evidence. Under such circumstances, the trial court is mandated to reconcile the apparent contradictions in testimony wherever possible and to examine the evidence in light of all surrounding circumstances to render an equitable judgment. See Nelson v. Zurich Insurance Company, 247 La. 438, 172 So.2d 70 (1965) and Williams v. Griffin, 422 So.2d 199 (La.App. 4th Cir. 1982). Further, on appeal, we are mandated to accord great weight to the factual findings and reasonable evaluations of creditibility made by the trial court. Foster v. R.E. Schanzer, Inc., 350 So.2d 254 (La.App. 4th Cir.1977).
The trial court found that returns in the amount of $4,032.25 itemized by LeHig's were not properly credited. A review of the record reveals that a corresponding credit memo does not appear. Further, the prices used by LeHig's in computing the amount to be credited were identical to those charged by ABC when the merchandise was originally purchased. Accordingly, LeHig's account should reflect a $4,032.25 credit.
The trial court also found that ABC failed to credit other returns in the amount of $1,225.32 and a review of the record does not reveal a corresponding credit memo by ABC. While LeHig's originally used an inflated price to compute the amount to be credited, the record shows that they deducted 40% to reflect the original price paid and also deducted $2,699.88 for an unitemized credit memo which may or may not have been for the specific merchandise returned. This still left $1,225.32 uncredited. Accordingly, we agree with the trial court's finding that LeHig's account should also reflect a $1,225.32 credit.

ATTORNEY FEES
Appellant contends that they are entitled to attorney fees under LSA-R.S. 9:2781. That statute states in pertinent part:
When a person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. [Emphasis added]
This section must be strictly complied with for a claimant to be entitled to attorney's fees. Scarborough v. Nelson, 371 So.2d 1261 (La.App. 3rd Cir.1979).
In a letter dated March 16, 1979 ABC informed LeHig's that they were seriously in arrears in the amount of $22,667.25. The letter demanded payment within 30 days or within several months via an outlined monthly payment plan. The testimony at trial establishes that ABC and LeHig's later agreed orally to payments of at least $500.00 per month and that all further orders would be cash on delivery. The terms were complied with until October 1980, when by means of payments and returns, LeHig's reduced their balance by some $12,000.00. There is no evidence that another demand letter was sent prior to filing of this action. Since $22,667.25 was no longer the amount owed and ABC did not send another demand letter stating the current balance due they have failed to meet the requirements that they make "... written demand ... correctly setting forth the amount owed." Plaintiff failed to strictly comply with R.S. 9:2781. Accordingly, they are not entitled to attorney's fees.
For the above reasons the judgment of the trial court is affirmed.
AFFIRMED.