MARVIN, Judge.
Plaintiff building contractor appeals a judgment rejecting his demands for the $15,000 proceeds of a fire insurance policy and for penalties and attorney fees under LRS 22:658. We affirm.
Plaintiff is an experienced contractor who routinely purchased builder’s risk insurance on his construction and renovation jobs. The premium for such insurance is based on the “average amount of liability during the period of construction” for coverage that is proportionate to the value of the work done by the builder to the value projected at the completion of the work. This insurance protects the builder against loss of that which he has contracted to produce. See Mixon v. St. Paul Fire and Marine Ins. Co., 147 La. 302, 84 So. 790 (1920); Schmieder v. State Farm Fire and Cas. Co., 339 So.2d 390 (La.App. 1st Cir.1976), writ refused, 341 So.2d 895 (La.1977); and Annotation, Builder's Risk Insurance Policy, at 97 A.L.R.3d 1274.
With his widowed mother, his sister, and his brother, plaintiff owned the residence covered by the policy in this action. Plaintiff purchased the policy in August 1980. Plaintiff intended to partially renovate the home for his mother or in prospect of renting the home at a later time. Plaintiffs mother died in March 1981 before the fire occurred. By telephone to his agent, plaintiff specifically “requested” $15,000 of builder’s risk insurance and was charged and paid a premium based on this insurance. The home was valued at $29,000 when he purchased the insurance. Plaintiff testified he had done “some” plumbing and had installed “some” paneling in one room of the home before the fire occurred. Plaintiff did not attempt to prove the value of this work.
Plaintiff’s agent invoiced plaintiff for a “Builders Risk Policy” and attached the “Builders’ Risk Completed Value Form” to a standard fire insurance policy form. Plaintiff contends that because the standard fire policy form was used he should be entitled to the entire proceeds of the policy. Notwithstanding some ambiguity between the builder’s risk endorsement and the standard policy form, we do not agree. Section 1 of the builder’s risk endorsement attached to the policy form restates the “Description of Coverage.” The endorsement also provides in part:
“4. AMOUNT OF INSURANCE CLAUSE: The amount of insurance stated in Item 1 is provisional. It is a condition of this insurance, wherein the rate and premium are based on an average amount of liability during the period of construction, that at any date while this policy is in force, the actual amount of insurance hereunder is that proportion of the provisional amount that the actual value of the described property bears to the value at the date of completion, but shall not in any case exceed the provisional amount.
“In consideration of the reduced rate at which the insurance under item 1 is written, it is a condition of this insurance that in the event of loss, this Company shall be liable for no greater proportion thereof than the provisional amount of insurance under Item 1 bears to the full value of the described property at date of completion.”
When the totality of the policy and endorsements are considered, plaintiff received the builder’s risk coverage, and only that coverage that he bargained for.
Cases have recognized that in certain instances of mistake, error, or even negligence on the part of the agent or employee of an insurer, a policy erroneously issued will be “reformed” to reflect the true intent of the parties. Trahan v. Bailey’s Equipment Rental’s, Inc., 383 So.2d 1072 (La.App. 3d Cir.1980); Billiot v. Sentry Ins., 366 So.2d 1017 (La.App. 1st Cir.1978), writ refused, 368 So.2d 125 (La.1979). The trial court effectively followed this principle and La.CC Art. 1945 by discerning the intent of the parties to determine their respective rights and obligations under the written contract. The court found that the one clear intent of the parties was to purchase and to sell a builder’s risk policy insuring only the value of plaintiff’s antici *152 pated construction. Plaintiff did not prove the value of the work done and the trial court correctly rejected plaintiffs demands for the $15,000 proceeds of the policy which might have been due if plaintiff had completed renovation work valued at this amount.
A trial judge’s finding of fact is entitled to great weight, and will be upheld by an appellate court unless manifestly erroneous. Ellis v. MFA Mut. Ins. Co., 419 So.2d 92 (La.App. 2d Cir.1982), writ denied, 422 So.2d 158; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The phrase “manifestly erroneous” means that there is no reasonable basis to support the factual conclusions reached by the trier of fact. Haydel v. Clark, 347 So.2d 1200 (La.App. 1st Cir.1977).
There is more than a reasonable basis to support the factual conclusion reached by the trial court. The facts that we have summarized support the conclusion that plaintiff was not insuring the residence as such, but the value of his work on the residence. The policy endorsement insures the value of plaintiffs work.
At appellant’s cost, judgment is AFFIRMED.