FORET, Judge,
dissenting.
I find myself in total disagreement with my learned brothers of the majority. The facts of this case are that the plaintiff, Clovis Howell, left her home on the morning of July 5, 1976, sometime after 10:00 A.M. to take her daughter to a 10:30 A.M. piano lesson several miles away, in Boyce. *639 It was raining steadily that morning, and Mrs. Howell hurriedly left, dressed only in her housecoat (robe) and slippers, having just arisen from bed. She was driving on Louisiana Highway 8, a black-topped, two lane, rolling piney woods road, in the rain when she lost control of her 1973 Buick Electra as she descended a hill approaching a curve in the road. Mrs. Howell left the roadway and traveled 120 feet on the embankment before crashing into a pile of concrete pieces located at the bottom of the ditch.
The trial court found that DOTD was negligent because the slipperiness of the road surface created a hazardous condition which caused plaintiffs accident, and that DOTD had notice of this hazardous condition. The majority proposes to affirm. I cannot agree to do so.
Mrs. Howell testified at trial that she had driven Highway 8 all of her life, and that the road had been the way it was as long as she could remember. On that particular morning, she had slept late because of the holiday weekend. She departed from her home sometime after 10:00 A.M., and further testified that she usually drove 45 to 50 mph on Highway 8 and was not driving any differently on that day. She said that she approached the hill, slowed her speed, proceeded over the hill, at which point she felt the need to slow down further, so she “touched” her brakes. She estimated her speed as being between 40 to 45 mph' and estimated that she slowed down about 10 mph after she braked. She could only estimate, as she did not look at her speedometer. Plaintiff said that the wet road caused her to skid and go straight off the roadway to the right béfore she reached the curve in the road.
The plaintiffs’ expert witness, Duaine Evans, inspected the road in June of 1977, one year post-accident. He described the road as being a bituminous concrete material (asphalt and aggregate) with worn spots of asphalt without aggregate making tracks in the roadway. It was plaintiffs’contention that those areas of asphalt without aggregate created an unreasonably dangerous condition for motorists because of an insufficient coefficient of friction. Mr. Evans testified that plain asphalt would have a lower coefficient of friction and the coefficients would be lower on both types of surfaces when wet. In his opinion, applying brakes could easily cause a skid, in which case the coefficient is reduced even more, making it harder to recover to a non-skid condition. Mr. Evans said that coefficients of friction on asphalt range from .25 to .5, using information obtained from reference manuals. He said that there were many different types of asphalt, but he had not tested the asphalt found on Highway 8 and therefore could not be more exact. He did not run any tests on the road to determine its coefficient of friction. In addition, he said that things such as wetness, temperature, and road grime would affect the coefficient. In fact, the coefficient is lower during the summertime (recall that this accident happened at mid-morning in July). It was his opinion that Mrs. Howell braked to reduce her speed because of the approaching curve (on a part of the roadway with a sufficient coefficient to slow her car), hit a slick spot with a reduced coefficient of friction, and skidded. To support his belief that the roadway was unreasonably dangerous, Mr. Evans checked the records of accident reports for similar accidents and found two similar accidents which occurred on July 22, 1974 (two years pre-accident), and December 12, 1976 (six months post-accident).
State Trooper Darrell Guillory investigated the accident and testified on behalf of DOTD as an expert in accident reconstruction and investigation. He testified that he felt the key factors in the accident were certain traffic violations by plaintiff, vision obscurements (hill), the road surface (asphalt), roadway condition (wet), and the weather (steady rain). Officer Guillory was at the scene of the accident within a couple of hours after it occurred and examined the evidence at the scene. He found no marks on the roadway which indicated what plaintiff's car had done, but was able to follow the path of the car once it left the *640 roadway to its resting place. He estimated that plaintiff’s minimum speed was 40 mph or faster when she left the road and that her wheels were rolling when she left the roadway because of the two straight track marks on the gravel shoulder. He said that any side-slipping started well off the roadway. The posted advisory speed ahead of the curve was 35 mph, and Officer Guillory felt that the plaintiff was traveling at an excessive rate of speed for the roadway conditions and weather, and that the combination caused her to leave the roadway. He thought that she was going fast enough to lose traction on the wet road, resulting in the loss of control.
“It is well settled that the plaintiff has the burden of proving causation by a preponderance of the evidence. It is only necessary that the evidence show that it is more probable than not that the harm was caused by the tortious conduct of the defendant.... This burden of proof may be satisfied by direct or circumstantial evidence.... It suffices if the circumstantial evidence excludes other reasonable hypotheses only with a fair amount of certainty so that it is more probable than not that the harm was caused by the tortious conduct of the defendant_” (Citations omitted.)
Townsend v. State, Department of Highways, 322 So.2d 139 (La.1975).
The evidence presented by the plaintiffs’ expert witness, Mr. Evans, was, in my opinion, circumstantial, highly speculative, and unsubstantiated due to the lack of any tests performed on the alleged defective road. Plaintiffs cite Barnes v. Liberty Mutual Insurance Co., 350 So.2d 288 (La. App. 3 Cir.1977), writ refused, 352 So.2d 238, 239 (La.1977), as support, but that case differs in that a more direct and extensive investigation of the accident by the expert was conducted, and there was no record of an inspection by appropriate persons of the road surface after it was applied. The road had been resurfaced only one year prior to the Barnes accident, whereas here, the road condition remained unchanged for years, and the condition complained of was not present on the entire surface of the road, but only in spots. The case of Shively v. Pickens, 346 So.2d 1314 (La.App. 3 Cir.1977), more exhaustively deals with the problems of the surface at the “Old River Bridge” on Highway 84 (the scene of the Barnes accident), and the direct and circumstantial evidence employed to prove a defective road surface and notice to the Department of Highways.
The circumstantial evidence utilized here does not exclude other reasonable hypotheses with a fair amount of certainty. It is equally, if not more, probable that the combination of the plaintiff’s speed and the wet road was the cause of this accident.
The plaintiffs presented the testimony of three persons who had accidents in the same area, none of which were reported. DOTD cannot be charged with notice or knowledge of accidents which go unreported. Mr. Evans himself found only two accidents in a two-year period. Officer Guillory stated that the number of accidents alone is not enough; there are a great many factors used to determine whether there might be an enforcement problem or something wrong with the roadway. They could not use an unreported accident as a basis to render such an opinion.
I feel that there is an absence of probative facts which support the inference that the road surface was defective, and that the defect was the sole and proximate cause of the plaintiff’s accident. The presence of some areas on a road which became slippery when wet or when combined with mid-summer heat did not present an unreasonable risk of harm to an ordinary prudent motorist, especially one who had driven over this road for many years and who was aware of the condition. Nor could the evidence presented lead the trier of fact to charge DOTD with either actual or constructive notice of a possibly hazardous condition. I find that the trial court committed manifest error in concluding that a hazardous condition existed and that DOTD had notice of the condition and failed to *641 take corrective action within a reasonable time.
Because of my belief that the plaintiffs failed to carry their burden of proving, by the requisite burden of proof, that the actions of the defendant were the cause of plaintiffs’ harm and resulting damages, I need not consider whether the plaintiff was contributorily negligent. Suffice it to say that it appears more likely than not that Mrs. Howell’s own negligence, in operating her vehicle at a speed which was excessive for the weather and road conditions present, was the sole cause of her leaving the roadway, resulting in her accident and injuries. If this case were being decided under the present comparative negligence law, I wonder if the majority could possibly, in good conscience, find Mrs. Howell to be completely free from negligence. I cannot imagine them doing so!
Accordingly, I respectfully dissent.