513 So.2d 521 (1987)
Bobbie YOUNGBLOOD, Plaintiff-Appellant,
v.
Stephen R. SANDERS, et al., Defendants-Appellees.
No. 18986-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1987.
Ronald J. Miciotto, Shreveport, for plaintiff-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by Jack E. Carlisle, Jr., Shreveport, for defendants-appellees.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
Plaintiff appeals a judgment rejecting her demands for personal injury damages arising out of a minor impact between a Datsun 280Z automobile driven by defendant and a school bus on which plaintiff was riding.
The trial court said:
The evidence in this matter as to the type and nature of the impact involved in this very minor accident does not prove an impact of sufficient force and effect to cause plaintiff's head to be snapped backwards and forwards.
The issue is factual. We find no error and affirm.

*522 FACTS
Plaintiff worked as an aide on the school bus and attended to student passengers. On its early morning run, the bus stopped at a stop sign and then slightly moved forward to stop again. Defendant said:
I was backing out of my driveway on the way to work. I ... saw the bus stopped. And then I saw it pull up a little bit ... a couple of feet. And I assumed it was pulling out in the street and I bumped the rear bumper. * * *
[I was going] oh, one-half mile an hour. * * *
[My car] didn't have any damage whatsoever, [n]or the bus. In fact, I could have hit the bus harder with my fist.
The bus driver did not realize that a car had struck the bus until one of the children on the bus told her. She said she thought that one of her children-passengers was jumping up and down in his seat.
Plaintiff said the impact "caused my body to jerk backwards and forwards, `cause I felt the vibrations up front [where she was seated in the bus]."
Defendant showed that plaintiff, on two occasions since 1982, had been treated by different doctors for back and neck injuries and that she had exaggerated the force of the impact to her doctor. Plaintiff made no complaints about pain or trauma immediately following the impact or when the incident was investigated. Plaintiff complained to the bus driver much later that afternoon and saw her doctor the following day.

LAW
In some instances it has been held that the degree of force of an impact between two vehicles is immaterial to the injury sustained by an occupant of one of the vehicles. The facts of the cases recognizing the above principle, however, indicate that a plaintiff who claims injury from a slight impact either or both immediately reacts to the trauma and is particularly susceptible to injury or aggravation from a slight impact. See, e.g., Seegers v. State Farm Mutual Automobile Ins. Co., 188 So.2d 166 (La.App.2d Cir.1966). Neither circumstance is present here. Plaintiff emphasized that she had completely recovered from her prior accidents when this incident occurred. Plaintiff did not relate anything to her doctor about her prior accidents or prior condition. She told her doctor that the car collided with the bus, "jaking [sic] the whole bus."
Causation is a question of fact upon which the trial judge's findings will be upheld by an appellate court unless they are clearly wrong and unsupported by the preponderance of the evidence. Taylor v. State, 431 So.2d 876 (La.App.2d Cir.1983); Bizet v. General Acc. and Indem. Co., 457 So.2d 150 (La.App.2d Cir.1984); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Where there is conflict in the testimony, the trial court's reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal. Great weight is given to the factual conclusions of the trial court because of its role as the trier of fact which evaluates live witnesses rather than a cold record. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Plaintiff emphasizes that there is no dispute as to what occurred or as to the medical treatment she received for the injuries she described. From these undisputed facts she draws the inference that the accident caused her injuries. The trial court rejected this inference. We cannot say on this record that the trial court was clearly wrong.
While it is true that causation may be proved by circumstantial evidence, such evidence must exclude other reasonable hypotheses. Townsend v. State, Department of Highways, 322 So.2d 139 (La.1975).
The trial court weighed the fact of plaintiff's medical treatment after the accident, her complaints and history she gave the doctor, and her testimony that she was jerked backwards and forwards against the testimony of the bus driver and the Datsun driver, both of whom described the impact as slight or extremely minimal. Plaintiff *523 was in the heavier of the two vehicles, neither of which was damaged in any respect.
The physical circumstances of the accident, combined with the trial court's unfavorable impression of plaintiff's credibility, support the trial court's conclusion that plaintiff failed to prove by a preponderance of the evidence that the accident caused the injuries she described to her doctor. See and compare Williams v. Allstate Ins. Co., 367 So.2d 1318 (La.App. 4th Cir.1979); Holmes v. Marsh Buggies, Inc., 445 So.2d 28 (La.App. 4th Cir.1984), writ denied, 448 So.2d 114 (La.1984).
At plaintiff's cost, the judgment is AFFIRMED.