LOBRANO, Judge.
Henrietta Batiste obtained a judgment against the Sewerage and Water Board for the City of New Orleans for damages she sustained as a result of the subsidence of her front yard, driveway, front steps and front porch.
The Sewerage and Water Board (Board) appeals asserting the trial court erred in its determination of fault under Civil Code Article 2317.
The sole issue for our determination is whether the evidence supports a finding of fault under the holdings of Loescher v. Parr, 324 So.2d 441 (La.1975) and Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980).[1]
FACTS:
Mrs. Batiste purchased her home at 3737 Delachaise in October, 1970. In early 1982 she noticed that there was erosion in her front yard, and that a section of the street was sinking. The subsidence caused her front porch to separate from her house, and her driveway and sidewalk to sink.
Upon the advice of her contractor, Mrs. Batiste, on June 17, 1982, wrote the Department of Streets for the City of New Orleans complaining about the erosion and requesting an investigation. A copy of this letter was sent to the Sewerage and Water Board.
On June 24, 1982 Mr. Kaufman of the Department of Streets advised Mrs. Batiste that he was requesting an inspection by both his department and the Sewerage and Water Board. Shortly thereafter the Board proceeded with repair work which included replacing part of the sewerage collection system. This required digging up the street and sidewalk area in front of plaintiff’s home.
The Board wrote Mrs. Batiste on July 2, 1982 advising: “Our forces completed the repairs to our sewerage collection system and after sufficient compaction takes place the paving will be restored.”
Apparently these repairs had no affect on the problem, as the subsidence continued. Again, on November 17, 1982 Mrs. Batiste wrote the Board complaining about the continued erosion in her yard and under the sidewalk. There was no response to this communication.
*1182 Once again, on June 21, 1984 plaintiff wrote the Board requesting an investigation and corrective action with respect to the erosion problems.
The Board returned to the site in July, 1984 and again performed corrective work. On July 3, 1984 Mr. Ben Haney, representing the Board wrote Mrs. Batiste as follows: “Corrective action was taken at the subject location and restoration is complete.”
Article 2317 of the Civil Code, provides in pertinent part:
“We are responsible, not only for the damages occasioned by our own acts, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.”
“Article 2317 embodies a concept of legal fault of the guardian of a thing for the damages caused by the defects of his thing.” ’ Loescher v. Parr, supra at 448. This theory of strict liability is applicable to public bodies for those things under their care or custody. Jones v. City of Baton Rouge, supra.
The plaintiff must prove by a preponderance of the evidence that the thing which caused her damage was in the care or custody of the Board, that the thing had a vice or defect, and that the vice or defect caused the injury. Victim fault, fault of a third person or an irresistible force are the defenses to an Article 2317 claim. Loescher v. Parr, supra.
Plaintiffs burden of proof may be satisfied by direct or circumstantial evidence. Townsend v. State, Through the Department of Highways, 322 So.2d 139 (La.1975); Lombard v. Sewerage and Water Board of New Orleans, 284 So.2d 905 (La.1973). “Taken as a whole, circumstantial evidence must exclude other reasonable hypothesis with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes.” Id. at 913.
We have reviewed the evidence in this case and cannot conclude the trial court's findings are manifestly erroneous.
The evidence is conclusive that the Sewerage and Water Board experienced leakage problems in its sewer collection system between 1982 and 1984. On two separate occasions the street was torn up and repair work was performed by the Board. A dye test performed in 1984 indicated the necessity to repair the same system that was supposedly repaired in 1982. The Board acknowledged to plaintiff, on both occasions, that corrective work had been done.
The Board argues, however, there was no proof that its leaking sewer system caused plaintiff’s damages. We disagree. Although there is a minimum of direct evidence on the causation issue, we conclude the circumstances preponderate in plaintiffs favor.
Mrs. Batiste testified she had no erosion or subsidence problems until 1982. Her contractor who had done work on the house previously, also noticed no problems until 1982. After the Board’s repair work in 1982, the subsidence still continued. The Board did corrective work again in 1984, which certainly indicates a problem still existed with the sewer system. Presumably, the subsidence ceased when the 1984 repair work was completed.
The Board argues that the testimony of Dalton Adams supports their position that subsidence was caused by leaks in Mrs. Batiste’s sewer line inside her property. Adams, a plumber, was hired by Mrs. Batiste to do the tie-in work in August of 1984 after the Board had completed its work. It was necessary to connect the line from Mrs. Batiste’s home to the main sewer line. In so doing, Adams was required to dig about twenty feet back from the main tie-in because of leaking joints in the connecting line. He stated that that leakage could have caused the erosion problems.
We cannot say the trial judge was clearly wrong in concluding otherwise. The location of the damage, length of time over which it occurred, plus the fact that this witness had not examined Mrs. Batiste’s property prior to 1982 are all supportive of the trial judge’s position.
*1183 We therefore conclude that there is no clear error in the trial court’s judgment. The evidence, both direct and circumstantial, supports that conclusion.
AFFIRMED.
CIACCIO, J., dissents with reasons.

. This case is governed by the provisions of Article 2317 prior to the effective date of Act 454 of 1985. That Act now requires notice, either actual or constructive, on the part of a public entity.