MARVIN, Judge.
In this action for damages arising out of an automobile accident, plaintiffs appeal a judgment rejecting their demands against Ms. Gilliam. We affirm.
Plaintiffs contend Ms. Gilliam’s automobile collided with the rear-end of their automobile after Mrs. Moses had stopped her automobile on Jewella Avenue for 15-30 seconds and was waiting for the light to change to allow her to make a signaled left turn into the Libbey Glass plant.
Jewella Avenue is a four-lane street proceeding northerly and southerly in Shreveport with a posted speed limit of 40 mph. The intersection of the glass plant road and Jewella is controlled by conventional traffic lights. Both Mrs. Moses and Ms. Gilliam were proceeding northerly on a rainy and overcast afternoon.
Ms. Gilliam testified that she was driving 25-30 mph and northerly in the westernmost or inside northbound lane, approaching the glass plant traffic light which was green to continue north on Jewella. She said that the automobile of Mrs. Moses, which was proceeding in the easternmost or outside northbound lane, was slightly ahead of her and suddenly turned in front of her, attempting to enter Ms. Gilliam’s lane. Ms. Gilliam said she immediately blew her horn and applied her brakes in an attempt to avoid the collision.
The right front corner of the Gilliam car collided with the left rear comer of the Moses car. The investigating officer testified and demonstrated by rough plat where the cars came to rest and where each respective car was damaged. Photographs in the record corroborate the testimony of the *1214 officer and of Ms. Gilliam. We reproduce this facsimile of the officer’s plat:
[[Image here]]
The trial court found Ms. Gilliam to be credible and concluded that her version of the accident was “accurate” and corroborated by the photographs and testimony of the police officer. The court stated the
physical damage to the automobiles is inconsistent with Mrs. Moses’ version ... [and that] this case is not a rear-end case, but a change-of-lane case ... Mrs. Moses suddenly and unexpectedly, without ascertaining that it was safe to do so, attempted to change lanes from the [outside northbound] lane to the inside lane. [Ms. Gilliam] was confronted with a sudden emergency and was unable to avoid hitting Mrs. Moses’ car. ... Mrs. Moses [is] solely responsible ...
We find no clear error in the trial court’s factual determinations.
The presumption that a motorist who rear-ends another is negligent may be overcome by the showing that the following motorist was confronted with a sudden emergency not caused by the following motorist’s negligence such as driving too fast or failing to make proper observation. Baptiste v. Granada, 387 So.2d 1235 (La.App. 1st Cir.1980). Compare Prest v. State Dept of Tramp., 490 So.2d 659 (La.App.2d Cir.1986, writ denied; and Fontenot v. Boehm, 512 So.2d 1192 (La.App. 1st Cir. 1987).
LRS 32:79(1) imposes a duty on a motorist not to change lanes until the maneuver can be made “with safety.” Cases such as Loicano v. Maryland Casualty Imurance Co., 301 So.2d 897 (La.App. 4th Cir.1974), and Hollim v. Jefferson Oil Company, 124 So.2d 629 (La.App.3d Cir.1960), writ denied, do not avail Mrs. Moses. These cases state that physical evidence may be determinative of fault when the opposing testimony is found irreconcilable. The trial court did not find the conflicting testimony irreconcilable. Here Ms. Gilliam’s testimony was found more credible and to be supported by the physical evidence after impact.
Where there is conflicting testimony, the trial court’s reasonable evaluation of credibility and reasonable inferences of fact should not be disturbed on appeal. Conflicts in testimony create disputes or questions of fact which are to be resolved by the trial court. The trial court’s resolutions of factual disputes will be upheld on appeal unless they are clearly wrong and are unsupported by the preponderance of the evidence. Youngblood v. Sanders, 513 So.2d 521 (La.App.2d Cir.1987). The trial court’s findings are supported in this record and are upheld.
At appellant’s cost, we affirm the judgment.