VICTORY, Judge.
This case arose from a minor accident which occurred when law enforcement officers stopped an automobile in order to search for illegal drugs. The driver of the automobile sustained injuries and property damage when his car rolled into one of the *1094 officers’ vehicles. The driver recovered damages against the state, and the state now appeals. We affirm.
FACTS
In the early morning hours of November 18, 1988, plaintiff, Robert L. Martin, and two passengers, were leaving the Trailways Bus Station in Monroe,, traveling south on a service road adjacent to Hwy. 165. When the vehicle reached the intersection of the service road and Reese Street, two units of the Louisiana State Police moved in to block the vehicle’s path. The law enforcement officers conducting the stop were acting on information indicating that the vehicle was likely to contain narcotics. The propriety of the stop is not at issue, although no drugs were found and no arrests were made.
Once Martin’s vehicle came to a stop, the law officers exited their vehicles and approached Martin’s vehicle with weapons drawn, shouting instructions to the vehicle’s occupants. Both Martin and the front seat passenger testified that they were told not to move. Martin testified that as a result, he did not place the transmission in “park.” He testified he was afraid that if he had done so, the officers would have thought he was trying to reach for something. Similarly, the front seat passenger testified he was afraid and nervous because the police had pulled their weapons. On the other hand, Sergeant Cannon, the state police officer who subsequently removed Martin from the vehicle, testified he did not tell Martin not to move, but only to get out of the car.
After opening the car door and kicking Martin’s hands free from the wheel, Cannon immediately took hold of Martin’s left arm and snatched him from the vehicle. Because the engine was still running and the transmission was in “drive,” the vehicle proceeded to roll forward toward the law enforcement vehicles which were blocking its path. Both Martin and Sergeant Cannon immediately attempted to reenter the vehicle to stop its forward motion. Martin admitted at trial that his attempt to stop the vehicle was his own decision, not prompted by an order from the officer. As Martin tried to reenter the car, he was positioned between his vehicle and the door of his vehicle. The vehicle’s forward motion caused the door to jam against one of the law enforcement vehicles, and Martin was squeezed between his car door and his car. In addition to causing physical injuries to Martin, the accident caused damage to his automobile.
In written reasons for judgment, the trial court did not state a finding of fact as to what was said to Martin prior to his removal from the vehicle, but observed that when Martin was told to get out of the car, he apparently did not do so, and the officer kicked his hands from the steering wheel. According to the court, the officers were solely responsible for plaintiff’s injuries. In addition, the court found that Martin’s physical injuries did not continue for any extended period of time and were not permanent. Martin had fully recovered at the time of trial, and the trial court assessed a sum of $2,000 for his physical injuries. The court also awarded $953.72 for damage to Martin’s vehicle.
CAUSATION AND FAULT
The state argues that neither the officer who removed Martin from the vehicle, nor any other officer at the scene, caused the injury which the court found to have occurred. Instead, the state argues that if Martin had not voluntarily attempted to reenter the car and stop it, he would not have been injured. Therefore, it is the state’s position that Martin caused his own injuries.
Causation is an issue of fact as to which the trial judge’s findings cannot be disturbed in the absence of manifest error. Taylor v. State, 431 So.2d 876 (La.App. 2d Cir.1983). Great weight is given to the factual conclusions of the trial court because of its role as the trier of fact which evaluates live witnesses rather than a cold record. Youngblood v. Sanders, 513 So.2d 521 (La.App. 2d Cir.1987).
In the instant case, the manner in which the officer removed Martin from the vehicle was a cause in fact of the accident. *1095 “But for” the officer quickly grabbing Martin by the arm and yanking him from the vehicle, thus removing his foot from the brake, the car would not have rolled forward and the accident would not have occurred. We must now determine what duty was imposed on the state, and whether the risk which caused the accident was within the scope of the duty. Put another way, we must determine whether the state was negligent, and whether that negligence was a proximate cause of the accident. See Vicknair v. Hibernia Building Corporation, 479 So.2d 904 (La.1985).
As noted by the trial court, an officer stopping a vehicle to make a drug search must be concerned about safety. This safety concern includes not only the safety of the officers, but also the safety of the driver of the vehicle and others at the scene. The trial court obviously was concerned with the excitability of a driver under sudden and unexpected pressure due to a drug stop in which police officers, with weapons drawn, converge on a vehicle. As the court appropriately observed, a driver has not been trained to react in such a situation, while police officers have been trained to make a safe drug stop. We agree with the trial court, and find that a police officer under such circumstances has a duty to protect the safety of the driver and others at the scene. Furthermore, we find that the risk posed by kicking a driver’s hands from the steering wheel and snatching him from a vehicle with the engine running, without determining whether the vehicle is in “park,” falls within the scope of the duty.
Stated in different terms, we find the officer breached his duty with regard to safety by the manner in which he extracted the defendant from the vehicle. This constituted negligence which was a proximate cause of the accident. The officer should have recognized the potential for harm that could result from the actions taken, and should have taken steps to prevent such harm.
Finally, we agree with the trial court’s determination that Martin was not at fault by attempting to reenter the car to apply the brakes. Under the exigent circumstances presented, Martin should not be held to the standard of a reasonable man having the opportunity for cool reflection. Instead, Martin’s instinctive action to stop the moving vehicle, and thereby prevent damage both to it and to the law enforcement vehicles, was not negligent conduct on his behalf. Accordingly, we find no intervening causation between the officer’s actions and the resulting damages.
COMPARATIVE FAULT
The state also asserts that even if there was some negligence on the part of the police officer, Martin should have been held partly at fault under the law of comparative negligence for failing to place his car in park. Considering the pressures placed upon Martin by the circumstances of this stop, we find no abuse of the trial court’s discretion in attributing no fault to the plaintiff.
PROPER PARTY
The final issue raised by the state concerns whether the state can be held liable because Martin’s petition did not name the officer who removed him from the vehicle as a party to the suit, and did not allege the officer was enforcing state policy or custom resulting in the accident. In support of this argument, the state cites the case of Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). That case involved a class action suit brought under the provisions of 42 U.S.C. § 1983 against individual defendants who were sued solely in their official capacities. The Supreme Court held that while local governing bodies can be sued directly under § 1983 for actions which implement or execute a policy statement, ordinance, or regulation, a municipality cannot be held liable under § 1983 on a respondeat superi- or theory. Although the holding turned on the specific language of § 1983, the state argues the reasoning of Monell would apply in this case.
The case before us involves a simple tort claim—not an action pursuant to § 1983. *1096 We find the holding and rationale of Mo-nell to be totally inapplicable to this case. Without question, Sergeant Cannon was acting within the course and scope of his employment with the state in making the stop of Martin’s vehicle in order to search for illegal drugs. It was not necessary for the plaintiff to specifically name the officer involved; the state acts through its officers and employees. It was undisputed at trial that Cannon, who removed Martin from the vehicle causing his injuries, was acting within his capacity as sergeant with the State Police Narcotics Force at the time of the accident.
CONCLUSION
In accordance with the foregoing reasons, we affirm the trial court’s judgment.
AFFIRMED.